UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA, | Case No. 1:20-cv-01378-HBK |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |
| v. | |
| XAVIER BECERRA, | RESPONSE DUE IN THIRTY DAYS |
| Respondent. | (Doc. No. 1) |

Petitioner Luis Alberto Alarcon Nava initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because it appears that the petition is untimely, the court will afford petitioner an opportunity to show cause why the court should not *sua sponte* dismiss the petition. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (recognizing the court should permit a party an opportunity to respond before acting on "its own initiative.").

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *Id*. at 209; *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (in the interests of judicial efficiency, federal district courts may consider the timeliness of a state prisoner's habeas petition).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations. As a general rule, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). In limited circumstances, a petitioner is entitled to delayed commencement of the limitations period. *Id*. § 2244(d)(1)(B)-(D). Finally, equitable tolling may be granted to a petitioner under limited circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland*, 560 U.S. at 649).

Here, petitioner constructively filed his federal habeas petition on September 9, 2020,[1] nearly eight years after his 2012 criminal conviction. (Doc. No. 1). Petitioner's conviction was affirmed on direct appeal on April 7, 2015 and the state supreme court denied review on July 8, 2015. The petition does not identify any subsequent state collateral motions or petitions to toll AEDPA's one-year statute of limitations.[2] Nor does petitioner argue, and the record before the court does not support a finding, that petitioner is either entitled to delayed triggering events in § 2244 (d)(1)(B)-(D) or equitable tolling. Before the Court dismisses the petition as untimely, the court will accord petitioner an opportunity to explain how his petition complies with § 2244(d) or why equitable tolling should apply.

---

[1] Due to petitioner's incarceration, the Court applies the mailbox rule and deems the petition filed on the date petitioner delivered his petition to a correctional official for mailing. *Houston v. Lack*, 487 U.S. 275-76 (1988).

[2] The court takes judicial notice of the California Courts Appellate Courts Case Information online database. Fed. R. Evid., R. 201. The court did not find any record of other state collateral motions or petitions filed by or on behalf of petitioner. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Luis Nava").

**Accordingly,**

Within thirty days from the date on this order, petitioner must show cause why the court should not dismiss his petition as untimely. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:   December 17, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE