UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA, | Case No. 1:20-cv-01378-HBK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS UNTIMELY[1] |
| v. | |
| XAVIER BECERRA, | OBJECTIONS DUE IN TWENTY-ONE DAYS |
| Respondent. | (Doc. No. 1) |

Petitioner Luis Alberto Alarcon Nava ("petitioner" or "Nava"), a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 9, 2020.[2] (Doc. No. 1). On December 17, 2020, the court ordered petitioner to show cause why his petition should not be dismissed as untimely. (Doc. No. 11). Petitioner filed a response to the show cause order on December 30, 2020. (Doc. No. 12). For the reasons set forth below, the court recommends the petition be dismissed with prejudice as time barred.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).

I. BACKGROUND

Petitioner challenges his 2012 conviction after a jury trial for kidnapping with intent to

rape for which he was sentenced to seven years to life by the Kern County Superior Court (Case

No. F066338). (Doc. No. 1 at 1-2; 51). On December 20, 2012, Petitioner directly appealed his

conviction. *See People v. Nava*, No. F066338 (Cal. 5th App. Jul. 17, 2015). On April 7, 2015,

the California Court of Appeal remanded the case to the superior court to amend a clerical error in

the judgment and otherwise affirmed Petitioner's conviction. (Doc. No. 1 at 71); *People v. Nava*,

No. F066338. On April 17, 2015, Petitioner moved for a rehearing before the court of appeal.

*People v. Nava*, No. F066338. On April 29, 2015, Petitioner's motion for rehearing was denied.

*Id.* On May 8, 2015, Petitioner petitioned for review before the California Supreme Court.

*People v. Nava*, No. S226230 (Cal. Jul. 8, 2015). On July 8, 2015, the California Supreme Court

denied review. *Id.* Petitioner has not presented any evidence, and the Court can find no such

evidence, that Petitioner petitioned for habeas review before the state courts.

Liberally construed, the petition advances two grounds for relief: (1) trial court error in

failing to respond to the jury's request for clarification regarding the definition of "movement"

under California Law; and (2) ineffective assistance of trial counsel for not objecting to the trial

court's refusal to answer the jury's question regarding "movement." (*Id*. at 6-7).

The court ordered Nava to show cause why his petition is not untimely. (Doc. No. 11). In

his two-paragraph response, Nava states he misplaced his legal documents when he was

transferred between institutions. (Doc. No. 12). After an unspecified number of years, while

cleaning out his "personal documents," Nava "found" his legal papers and "immediately" sent

them to this court. (*Id*.) Nava also states that English is his second language and that he does not

understand "some of the legal process or rules." (*Id*.).

II. APPLICABLE LAW AND ANALYSIS

a. The Petition is Time Barred Under AEDPA's Statute of Limitations

The court may raise the statute of limitations *sua sponte* when reviewing a habeas petition.

*Id.* at 209; *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (in the interests of judicial

efficiency, federal district courts may consider the timeliness of a state prisoner's habeas

petition).  Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty

Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in

state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).  Here, Nava does not allege, nor does it appear from the pleadings or the

record, that the statutory triggers in subsections (B)-(D) apply.  Thus, the limitations period began

to run on the date Nava's conviction became final.  28 U.S.C. § 2244(d)(1)(A).

Nava's judgment became final for AEDPA purposes on October 6, 2015, 90 days after the

California Supreme Court denied him review.[3]  Accordingly, the federal limitations period

commenced the next day on October 7, 2015, requiring the federal petition to be filed no later

than October 6, 2016.  Although the federal statute of limitations tolls for the "time during which

a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Nava has presented no

evidence, and the court can find no such evidence, that he sought collateral review in the state

courts.  Accordingly, Nava is not entitled to statutory tolling.  Thus, the federal petition filed in

this Court on September 9, 2020 is untimely by nearly four years.  Because Nava is not entitled to

---

[3] For AEDPA purposes, "direct review" includes the ninety-day period in which the appellant may petition
for a writ of certiorari from the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59
(9th Cir. 1999).

3

1  statutory tolling, he must demonstrate he is entitled to equitable tolling or his petition is time-

2  barred and subject to dismissal.

3        b.  Petitioner Has Not Demonstrated an Entitlement to Equitable Tolling

4        AEDPA's statutory limitations period may also be equitably tolled.  *Holland v.*

5  *Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is available if a petitioner shows: "(1) that

6  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

7  his way and prevented timely filing."  *Id*. at 649.  The burden to establish grounds for equitable

8  tolling lies with the petitioner.  *See Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

9        To show "extraordinary circumstances," a petitioner must show that "the circumstances

10  that caused his delay are both extraordinary and beyond his control"—a high threshold.

11  *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016).  "The

12  requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an

13  *external* force must cause the untimeliness.  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011

14  (9th Cir. 2009) (emphasis added).  Furthermore, petitioner must show that the extraordinary

15  circumstances *caused* the untimely filing of his habeas petition.  *See Bills v. Clark*, 628 F.3d

16  1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003))

17  (explaining that equitable tolling is available only when the extraordinary circumstances were the

18  cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020)

19  ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a

20  'causation question.'").

21        To demonstrate that he has been pursuing his rights diligently, a petitioner must show that

22  he has "been reasonably diligent in pursuing his rights not only while an impediment to filing

23  caused by an extraordinary circumstance existed, but before and after as well, up to the time of

24  filing his claim in federal court."  *Davis*, 953 F.3d 5 at 598-99.  In other words, "when [a

25  petitioner] is free from the extraordinary circumstance, he must also be diligent in actively

26  pursuing his rights."  *Id*. at 599.  The diligence required for equitable tolling does not have to be

27  maximum feasible diligence, but rather reasonable diligence.  *Holland v. Florida*, 560 U.S. at

28  653.  And the court is not to impose a rigid impossibility standard on petitioners, especially not

4

on *pro se* prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)). Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 2929 F. 3d 1062, 1066 (9th Cir. 2002) (citations omitted).

As noted *supra*, in his response to the court's show cause order, Nava states he misplaced hi legal papers during his transfer between institutions and only located them while cleaning out his personal papers and immediately sent them to the court. (Doc. No. 12 at 1). He also claims he has a language barrier and has no legal training. (*Id.*). Accordingly, the court will construe petitioner's filing as a request for the equitable tolling of AEDPA's statute of limitations.

Nava's own misplacement and subsequent discovery of his legal documents do not rise to the level of an extraordinary circumstance beyond his control. Although it is "unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file," *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005), a petitioner must show that his lack of access to his legal documents was a circumstance "beyond his control." *Menominee Indian Tribe of Wisconsin*, 136 S. Ct. at 756. The Ninth Circuit has found that equitable tolling may be due where prison officials deprived the petitioner of access to his legal documents for the duration of a temporary prison transfer. *See Lott v. Mueller*, 304 F3d 918, 925 (9th Cir. 2002). However, unlike the petitioners in *Lott* and *Espinoza-Matthews*, Nava does not claim that his legal documents were withheld from him by prison officials at any time. Rather, Nava's statements that he discovered his legal documents when he was cleaning out his "personal papers" suggests the papers were in his possession, but just not organized properly. (Doc. No. 12 at 1).

Also, Nava makes no showing of diligence, as required for the granting of equitable tolling. *See Smith v. Davis*, 953 F.3d at 599. Petitioner neither suggests that he undertook any efforts to ascertain the whereabouts of his legal papers or even made any inquiries about his "lost" documents. Further, Nava fails to provide any time frames for either his transfer or when he first discovered his legal papers were missing.

5

1    Neither does petitioner's lack of legal knowledge entitle him to equitable tolling.  *See*

2    *Rasberry*, 448 F.3d at 1154; *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013, n.4 (9th Cir.

3    2009) ("While [petitioner's] pro se status is relevant, we have held that a *pro se*

4    petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable

5    tolling).  Moreover, "[l]ack of English proficiency can constitute an extraordinary circumstance

6    for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in

7    his own language or to obtain translation assistance."  *Yow Ming Yeh v. Martel*, 751 F.3d 1075,

8    1078 (9th Cir. 2014); (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006)) (denying

9    equitable tolling where petitioner received translation assistance and the assistance of other

10    inmates).  Here, Nava fails to describe any efforts he took to overcome his lack of knowledge of

11    the law and claimed barrier with the English language, such as researching federal habeas law in

12    his prison's law library or requesting legal assistance or an interpreter at the institution.  Thus far,

13    petitioner has been able to express himself clearly in English in both his petition and in his

14    response to the order to show cause.  Accordingly, the court finds that Nava has not sustained his

15    burden of showing he is entitled to equitable tolling and recommends that the petition be

16    dismissed as untimely.

17                                    III. CERTIFICATE OF APPEALABILITY

18    State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

19    appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

20    (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);

21    *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

22    certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

23    22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court

24    denies habeas relief on procedural grounds without reaching the merits of the underlying

25    constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

26    would find it debatable whether the petition states a valid claim of the denial of a constitutional

27    right and that jurists of reason would find it debatable whether the district court was correct in its

28    procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The Clerk of Court is directed to assign this case to a District Judge.

Further, it is RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED with prejudice.

2. Petitioner be denied a certificate of appealability.

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A response to any Objections must be file within fourteen (14) of the date of service of the Objections. Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7